**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 98-4108

MERRICK L. SMITH,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-97-22)

Submitted: July 21, 1998

Decided: August 7, 1998

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Larry J. Rector, STEPTOE & JOHNSON, Clarksburg, West Virginia,
for Appellant. William D. Wilmoth, United States Attorney, Robert
H. McWilliams, Jr., Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Merrick Smith appeals his sentence for aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C.§ 841(a)(1) (1994). We affirm.

Smith was indicted for conspiring to possess with the intent to distribute and to distribute crack from December 1994 through January 1997 and aiding and abetting the distribution of crack. Smith pleaded guilty to the distribution charge and was sentenced to a term of 38 months imprisonment. The court dismissed the conspiracy charge.

Prior to his guilty plea, Smith was involved in an altercation with Tracy Beckwith, an individual buying crack from Smith. Beckwith testified that he had purchased crack from Smith several times during the span of the charged conspiracy and that during that time, Smith had been staying at Beckwith's home. Smith tried to sell drugs from Beckwith's house, and Beckwith objected. Smith then grabbed a paring knife and stabbed Beckwith in the leg. At sentencing, Smith received a two-point enhancement for possession of a deadly weapon under U.S. Sentencing Guidelines Manual§ 2D1.1(b)(1) (1997) ("USSG").

Smith asserts that the sentencing court erred in imposing the two-point enhancement because he did not "possess" the weapon and because the weapon was not connected with the offense to which he pleaded guilty. However, "[e]ven when a guilty plea is entered on a single count of possession, the court must nevertheless look to the entire relevant conduct in determining the sentence." United States v. Falesbork, 5 F.3d 715, 720 (4th Cir. 1993). The sentencing judge "must look at the entire course of relevant criminal conduct, not merely the narrow offense of conviction, in deciding whether to apply a § 2D1.1(b)(1) enhancement for possession of a weapon." Id. at 721.

Though the stabbing incident between Smith and Beckwith occurred less than one month before the offense of conviction, it occurred during the time frame of the overall conspiracy. Further, the

2

stabbing occurred when Smith was engaging in acts to further the conspiracy--trying to establish Beckwith's home as a crack house from which to deal drugs. We therefore find that the district court did not err in applying the two-point enhancement under USSG § 2D1.1.

Accordingly, we affirm Smith's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED